COMMONWEALTH *vs.* ERIC P. ZAVALCOFSKY. December 14, 1982. The defendant was convicted on two indictments charging burglary with assault in a dwelling (G. L. c. 266, § 14) and assault with intent to rape (G. L. c. 265, § 24). He appeals from those convictions, and we affirm. The defendant makes three claims of error.

1. He contends that the court erred in excluding questions as to the failure of the police to conduct certain scientific tests. The transcript reveals, however, that while some questions asked by defense counsel were excluded, this was in no sense a situation in which the defendant was denied a meaningful right to present his theory. Through cross-examination and closing arguments, the defendant was permitted to develop fully "the failure of the Commonwealth to conduct certain tests . . . [e]vidence of inadequacies in the tests performed by the Commonwealth, and of the existence of more reliable tests." *Commonwealth* v. *Benoit,* 382 Mass. 210, 221

(1981). It was well within the discretion of the trial judge to exclude further examination where the inquiry permitted had been sufficient. *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 714 (1974). *Commonwealth* v. *Hall,* 369 Mass. 715, 731 (1976).

2. The defendant asserts that the judge erred in refusing to instruct the jury as requested. There was no objection to the judge's instruction by defense counsel. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). "In the absence of a valid objection, the sole question before us is whether the charge as given created a 'substantial risk of a miscarriage of justice.'" *Commonwealth* v. *Berth,* 385 Mass. 784, 786 (1982), quoting from *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). The charge as given did not create such a risk. Taken as a whole, it permitted the jury fairly to consider the defendant's argument regarding the lack of scientific testing. *Commonwealth* v. *Ramey,* 368 Mass. 109, 113 (1975). See *Commonwealth* v. *Chasson,* 383 Mass. 183, 188 (1981).

3. Finally, the defendant asserts that the judge erred in admitting in evidence as fresh complaint the testimony of a police officer regarding a call the victim had made to the defendant's home shortly before the assault occurred, at which time she was told by his girlfriend that he was not at home. We assume that this was error, but it was harmless as it was merely cumulative of the testimony of the same police officer admitted without objection regarding a statement made by the defendant to the officer and the defendant's own testimony concerning his whereabouts at the time of the call. See *Commonwealth* v. *Izzo,* 359 Mass. 39, 43 (1971); *Commonwealth* v. *Bailey,* 370 Mass. 388, 393 (1976).

*Judgments affirmed.*

*Jack M. Atwood* for the defendant.

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth.